Timothy Caron, Esq.
Celedon Law
277 Main Street, Suite 305
Marlborough, MA 01752
Tel: (508) 573-3170

Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RODRIGO FERREIRA DE SOUZA** ) | |
| Petitioner, ) | |
| v. ) | **PETITION** |
| ) | **FOR WRIT OF** |
| ) | **HABEAS CORPUS** |
| **PATRICIA HYDE**, ) | |
| Acting Field Office Director, ) | |
| ICE Boston Field Office; ) | |
| **KRISTI NOEM**, Secretary of the U.S. ) | |
| Department of Homeland Security; ) | |
| and, **PAMELA BONDI**, ) | |
| Attorney General of the United States, ) | |
| in their official capacities ) | |
| ) | |
| Respondents. ) | |
| ) | |

## <u>INTRODUCTION</u>

1. Rodrigo Ferreira de Souza (hereinafter referred to as "Rodrigo," "Mr. Ferreira de Souza," or "Petitioner") seeks to file this Petition for Writ of Habeas Corpus with the Court.

2. Mr. Ferreira de Souza is a Brazilian citizen who last entered the U.S. on or about April 28, 2022. Before detention, Petitioner was residing at 6 Sidney Road, Apt G, Milford,

MA 01757. He is believed to be currently detained at the ICE Boston Field Office, located in Burlington, MA.[1]

3. Since entering the U.S., Mr. Ferreira de Souza has established strong ties to the community.

4. Petitioner filed his I-589 Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture on April 26, 2023. He is currently scheduled for a Master Calendar Hearing before the Chelmsford Immigration Court in Chelmsford, MA, on May 21, 2026, at 9:00 a.m.

5. Early in the morning on September 24, 2025, Mr. Ferreira de Souza was detained by Immigration and Customs Enforcement ("ICE") at or near 118 Plain Street in Hopedale, MA.

6. Petitioner's detention violates both the Fourth and Fifth Amendments of the United States Constitution.

7. Accordingly, to vindicate Petitioner's statutory and constitutional regulatory rights, this Court should grant the instant petition for a writ of habeas corpus. Mr. Ferreira de Souza requests that this Court immediately release him from detention, also enjoining Respondents from re-detaining him unless there are changes in the circumstances that would justify detention.

8. Furthermore, Petitioner also requests this Court to issue a restraining order to prevent Petitioner from being transferred from the state of Massachusetts for the duration of these proceedings.

---

[1] As of the morning of September 25, 2025, USCIS' Online Detainee Locator System provides no current location for Petitioner. However, based upon consultation with Petitioner's wife, it is believed that he is currently being detained at the ICE Boston Field Office in Burlington, MA.

## JURISDICTION

9.  This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), and 28 U.S.C. § 1331 (federal question).

11. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

12. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, and a substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District. Additionally, Petitioner resides in this District and has been detained within this District. 28 U.S.C. § 2241.

## PARTIES

13. Petitioner is a Brazilian citizen who entered the U.S. on August 17, 2022. He has never left the country since. He is believed to be detained at the ICE Boston Field Office in Burlington, MA, and is in custody and under the direct control of Respondents and their agents.

14. Respondent, Patricia Hyde, is sued in her official capacity as the Acting Director of U.S. Immigration and Customs Enforcement for the Boston Field Office. She is a legal custodian of Petitioner and has the authority to release him.

15. Respondent, Kristi Noem, is sued in her official capacity as the Secretary of U.S. Department of Homeland Security ("DHS"). Respondent Noem is responsible for the

implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioner.

16. Pamela Bondi, Attorney General of the United States, is sued in her official capacity and as the legal representative of the U.S. government.

## STATEMENT OF FACTS

17. Mr. Ferreira de Souza was born in Rio de Janeiro, Brazil, on December 11, 1986. He is a Brazilian citizen who entered the U.S. on or about April 28, 2022, at or near San Luis, AZ. Before his detention, Mr. Ferreira de Souza was residing at 6 Sidney Road, Apt G, Milford, MA 01757.

18. Following Mr. Ferreira de Souza's entry into the United States, he was detained under Section 236 of the Immigration and Nationality Act ("INA"). *See* Ex. A, Warrant for Arrest of Alien. He was then placed in removal proceedings and charged under 212(a)(6)(A)(i) of the INA, as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time and place other than as designated by the Attorney General." *See* Ex B, Notice to Appear.

19. After being placed in removal proceedings, Petitioner received an Order of Release on Recognizance in accordance with section 236 of the INA. *See* Ex. C, Order of Release on Recognizance. The order states that the release happened "[i]n accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations." *Id.*

20. Since entering the U.S., Petitioner has established strong ties to the community.

21. Petitioner filed his I-589 Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture, on April 26, 2023. He is currently scheduled for a Master Calendar Hearing before the Chelmsford Immigration Court in Chelmsford, MA, on May 21, 2026, at 9:00 a.m.

22. Early in the morning on September 24, 2025, Mr. Ferreira de Souza was detained by Immigration and Customs Enforcement ("ICE") at or near 118 Plain Street in Hopedale, MA. He is believed to be presently detained at the ICE Boston Field Office in Burlington, MA.

23. Petitioner intends to request a Bond Hearing before the Immigration Court, as he is not a danger to the community, and he is not a flight risk. However, based on recent decisions by the Board of Immigration Appeals, it is very likely that the Immigration Judge will deny jurisdiction over Petitioner's bond case, therefore allowing the government to continue detaining Petitioner indefinitely.

24. The reason for Petitioner's detention remains unclear, especially as he did not have an opportunity to be heard by an Immigration Judge to consider the reasons for his detention. To this point, Petitioner has not been able to contact his family nor seek legal counsel.

25. Petitioner's detention violates both the Fourth and Fifth Amendments of the United States Constitution.

## **LEGAL FRAMEWORK**

26. The Immigration and Nationality Act (INA) establishes the statutory framework governing the entry, presence, and removal of noncitizens in the United States. Regulations promulgated by the agencies charged with enforcing the INA set forth

specific procedures for classifying noncitizens. When a noncitizen arrives at the border seeking entry into the United States, they are deemed an "applicant for admission." The INA defines several grounds of "inadmissibility." For example, a noncitizen who arrives at a port of entry without being admitted or paroled – such as Petitioner – may be found inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).

27. Under 8 U.S. Code § 1225, "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission." Applicants for admission are among the individuals who can be placed in expedited removal, in which case they are subject to mandatory detention. INA § 235(b)(1)(B)(i)(IV).

28. If an applicant for admission is not placed in expedited removal proceedings under INA § 235 or is later placed in removal proceedings under INA § 240, detention is no longer mandatory. In these cases, noncitizens are sometimes released from custody and allowed to remain in the United States for the duration of their proceedings. 8 U.S. Code § 1226(a).

29. Recently, however, Immigration Courts have shifted their long-standing interpretation, holding that they lack jurisdiction to conduct custody redeterminations for individuals who were placed in proceedings upon arrival, released into the United States, and then detained years afterward for a different reason. Recent decisions by the Board of Immigration Appeals ("BIA") have stripped Immigration Judges of jurisdiction over these cases. *See Matter of Q. LI*, 29 I&N Dec. 66 (BIA 2025); *also Matter of Yajure*

*Hurtado*, 29 I&N Dec. 216 (BIA 2025). The latter decision is based on a position that every individual who unlawfully entered the U.S. is an "applicant for admission."

30. Such recent interpretations by the BIA, adopted after a novel interpretation of the law by DHS, violate the Fifth Amendment, and are also contrary "to the plain text of the statute and the overall statutory scheme." *Aguiriano Romero v. Hyde*, No. 25-cv-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *also Diaz Martinez v. Hyde*, — F. Supp. 3d —, 2025 WL 2084238 (D. Mass. July 24, 2025); *see also, e.g.*, *Rodriguez Vazquez v. Bostock*, — F. Supp. 3d —, 2025 WL 1193850 (W.D. Wash. Apr. 24, 2025) (holding same); *Gomes v. Hyde*, 2025 WL 1869299 (D. Mass. July 7, 2025) (same); *Garcia v. Hyde*, Civ. No. 25-11513 (D. Mass. July 14, 2025) (same); *Rosado v. Bondi*, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025) (same), *report and recommendation adopted without objection*, 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Lopez Benitez v. Francis*, — F. Supp. 3d —, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025) (same); *dos Santos v. Lyons*, 2025 WL 2370988 (D. Mass Aug. 14, 2025) (same); *Aguilar Maldonado v. Olson*, 2025 WL 2374411 (D. Minn. Aug. 15, 2025) (same); *Escalante v. Bondi*, 2025 WL 2212104 (D. Minn. July 31, 2025) (granting preliminary relief after positively weighing likelihood of success), *report and recommendation adopted sub nom. O. E. v. Bondi*, 2025 WL 2235056 (D. Minn. Aug. 4, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025) (granting individualized bond hearings on *ex parte* motion for temporary restraining order after finding likelihood of success); *Garcia Jimenez v. Kramer*, 2025 WL 2374223 (D. Neb. Aug. 14, 2025) (granting relief from stay of bond order pending BIA appeal); *Mayo Anicasio v. Kramer*, 2025 WL 2374224 (D. Neb. Aug. 14, 2025) (same); *Rodrigues De Oliveira v.*

*Joyce*, 2025 WL 1826118 (D. Me. July 2, 2025) (recognizing disagreement as to the detention statutes and granting habeas petition on due process grounds). *But see Pena v. Hyde*, 2025 WL 2108913 (D. Mass. July 28, 2025).

31. At the border, Mr. Ferreira de Souza was detained, but he was neither placed into expedited removal proceedings nor held pending the outcome of such proceedings. The record reflects that, on April 29, 2022, Petitioner was served with a Notice to Appear and placed in removal proceedings pursuant to 8 U.S.C. § 1229. Additionally, he was both arrested and released explicitly under section 236 of the INA, referred to herein as 8 U.S.C. § 1226.

32. Nonetheless, Mr. Ferreira de Souza has been detained – without any new circumstances on his case – and will very likely be denied an opportunity to have a bond hearing before the immigration court based on a novel interpretation by DHS and DOJ that all individuals who entered the United States unlawfully are considered to be "applicants for admission" and therefore subject to mandatory detention.

33. Indeed, mandatory detention for all applicants has only been the official policy of the Department of Homeland Security ("DHS") since July 8, 2025, when Acting Director of U.S. Immigration and Customs Enforcement, Todd M. Lyons, issued an internal memorandum explaining that the agency had "revisited its legal position."[2] *See Martinez v. Hyde*, No. CV 25-11613-. BEM, 2025 WL 2084238.

34. Recently, the BIA, which ultimately operates under the DOJ's authority, has agreed with that interpretation in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). One of the measures of the current administration was to reduce the number of judges

---

[2] The existence of the memorandum was first reported by the Washington Post on July 14, 2025. Maria Sacchetti & Carol D. Leonnig, *ICE declares millions of undocumented immigrants ineligible for bond hearings*.

at the BIA from 28 to 15, ensuring that most of the judges currently at the board were appointed by the administration, either in this term or in the prior one.[34]

35. Here, the internal memorandum discussing the change in interpretation indicates that the decision to strip immigration judges of jurisdiction over bond hearings was made "in coordination with the DOJ," affirming that section 1225 "is the applicable immigration detention authority for all applicants for admission."[5] Former immigration judges have, in fact, reported that they were "told to rule in a certain way" by superiors, and there was "pressure from above."[6]

36. Regardless of the reasons for the change in interpretation by both the DHS and the DOJ, the present issue is that this change is not aligned with the statute, the jurisprudence, or the protections established in the Constitution. **In other words, Respondents' interpretation violates federal law and due process protections.**

37. This position would render significant portions of 8 U.S.C. § 1226 meaningless, violating one of the most basic canons governing the interpretation of federal statutes, which provides that a statute "should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant …" *Corley v. United States*, 556 U.S. 303, 314 (2009) (internal quotations omitted); *Shulman v. Kaplan*, 58 F.4th 404, 410-11 (9th Cir. 2023). "This principle ... applies to

---

[3] *Reducing the Size of the Board of Immigration Appeals*, 90 Fed. Reg. 15,525 (Apr. 14, 2025).
[4] Adriel Orozco, *While Federal Firings Focus on Immigration Processing, Funding for Immigration Enforcement Expands*, AM. IMMIGRATION COUNCIL (Mar. 6, 2025), https://www.americanimmigrationcouncil.org/blog/federal-firings-immigration-processing-enforcement-expands/
[5] *See Diaz Martinez*, 2025 WL 2084238, at *4 & nn.10–11 (citing Acting ICE Director Todd M. Lyons's July 8, 2025 memorandum, "Interim Guidance Regarding Detention Authority for Applicants for Admission").
[6] Oscar Margain, *Fired immigration judges describe threat to judicial independence from Justice Dept.*, NBC BOSTON, https://www.nbcboston.com/news/local/fired-us-immigration-judge-interviews/3776340/ (July 25, 2025).

interpreting any two provisions in the U.S. Code, even when Congress enacted the provisions at different times." *Bilski v. Kappos*, 561 U.S. 593, 607-8 (2010).

38. The DOJ and DHS position is that Petitioner is subject to mandatory detention provisions, and he should be detained until the finality of his removal proceedings without the opportunity to have a bond hearing, regardless of the circumstances of his case. If their interpretation of § 1225 is correct and this section's mandatory detention provisions apply to all noncitizens present in the United States who have not been admitted, it would render superfluous provisions of § 1226 that apply to certain categories of inadmissible noncitizens. *See* § 1226(c)(1)(A), (D), (E)**;** *Shulman v. Kaplan*, 58 F.4th 404, 410-11 (9th Cir. 2023); *Torres v. Barr*, 976 F.3d 918, 930 (9th Cir. 2020).

39. Under Respondents' proposed interpretation, § 1226(c)(1)(E)'s mandated detention for inadmissible noncitizens who are implicated in an enumerated crime, including those "present in the United States without being admitted or paroled," would be meaningless and superfluous because "all noncitizens who have not been admitted" would already be governed by § 1225's mandatory detention authority**.** *See Shulman*, 58 F.4th at 410-11; *see also Corley v. United States*, 556 U.S. 303, 314 (2009) (explaining that seemingly conflicting statutes read in isolation can be reconciled if read in their broader context, which includes observing the "antisuperflousness" canon).

40. The Supreme Court's decision in *Jennings* likewise supports harmonizing §§ 1225 and 1226 in a manner contrary to Respondents' position. The Court described § 1225 as part of the process that "generally begins at the Nation's borders and ports of entry, where the Government must determine whether a [noncitizen] seeking to enter the

country is admissible." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). In contrast, the Court explained that § 1226 governs "the process of arresting and detaining" noncitizens who are living "inside the United States" but "may still be removed," including those "who were inadmissible at the time of entry." *Id.* at 288. The Court summarized the distinction succinctly: "U.S. immigration law authorizes the Government to detain certain [noncitizens] seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Id.* at 289.

41. Notably, several of the exceptions in § 1226(c) that would be rendered superfluous under the IJ's interpretation of §§ 1225 and 1226 were only recently enacted by Congress in the Laken Riley Act ("LRA"). "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. INS*, 514 U.S. 386, 397 (1995) (citation omitted). Enacted in January 2025, the LRA amended multiple INA provisions, including §§ 1226 and 1225. *See* LRA, Pub. L. No. 119-1, 139 Stat. 3 (2025). Pertinent here, the LRA added a new category of noncitizens to § 1226(c)'s mandatory detention authority—those deemed inadmissible, including for being "present in the United States without being admitted or paroled," who have been arrested, charged with, or convicted of certain crimes. 8 U.S.C. § 1226(c)(1)(E); LRA, Pub. L. No. 119-1. By specifically excepting these criminally implicated inadmissible noncitizens from § 1226(a)'s default discretionary detention framework, Congress necessarily left all other inadmissible noncitizens—those without the

specified criminal involvement—subject to § 1226(a). See *Jennings*, 583 U.S. at 289; *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010).

42. Additionally, Congress enacted the LRA in the context of the longstanding agency practice of applying § 1226(a) to inadmissible noncitizens already residing in the country. Another "customary interpretive tool" is the principle that "[w]hen Congress adopts a new law against the backdrop of a 'longstanding administrative construction,'" courts "generally presume[] the new provision should be understood to work in harmony with what has come before." *Monsalvo Velazquez v. Bondi*, 604 U.S. ___, 145 S. Ct. 1232, 1242 (2025) (quoting *Haig v. Agee*, 453 U.S. 280, 297–98 (1981)).

43. In *Monsalvo Velazquez*, the Court emphasized that when a statute is "susceptible" to more than one reasonable interpretation, courts should adopt the reading that is "consistent" with the statute's "longstanding administrative construction." *Id.* Congress's amendments to § 1226(c) in the LRA were made with full awareness of decades of agency practice treating inadmissible noncitizens – such as Mr. Ferreira de Souza – under § 1226(a)'s discretionary detention framework. Congress, therefore, presumably intended to preserve "the same understanding" of the statute as had been consistently applied by the agency. *Id.*

44. The legislative history of § 1226 reinforces that it governs the detention of noncitizens – like Petitioner – who were found in the United States after not having applied for admission. Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), the predecessor to § 1226(a) governed deportation proceedings for all noncitizens arrested within the United States. *See* 8 U.S.C. § 1252(a)(1) (1994) ("Pending a determination of deportability ... any [noncitizen] ...

may, upon warrant of the Attorney General, be arrested and taken into custody."); *Hose v. INS*, 180 F.3d 992, 994 (9th Cir. 1999) (noting that a "deportation hearing" was the "usual means" of proceeding against a noncitizen physically present in the United States). Like § 1226(a), the predecessor statute authorized discretionary release on bond. *See* 8 U.S.C. § 1252(a)(1) (1994). When Congress enacted IIRIRA, it expressly stated that § 1226(a) "restates the current provisions in [the predecessor statute] regarding the authority of the Attorney General to arrest, detain, and release on bond" a noncitizen "who is not lawfully in the United States." H.R. Rep. No. 104-469, pt. 1, at 229; see also H.R. Rep. No. 104-828, at 210. Because noncitizens in Mr. Ferreira de Souza's position were entitled to discretionary detention under the predecessor statute, and Congress confirmed that IIRIRA did not narrow that authority, § 1226 should likewise be interpreted to allow discretionary release on bond for similarly situated noncitizens.

45. It should also be noted that Respondents' interpretation of § 1226 is undermined by the Department of Homeland Security's longstanding practice of treating noncitizens taken into custody while residing in the United States—including those who were initially found inadmissible upon inspection but released into the country with the government's acquiescence and who have committed no crimes since—as detained under § 1226(a). See *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024). "[T]he longstanding practice of the government—like any other interpretive aid—can inform [a court's] determination of what the law is." *Id.* (internal quotations omitted, second brackets in original). The Supreme Court has further recognized that deference to executive interpretations of federal statutes is "especially warranted when [the interpretation] was

issued roughly contemporaneously with enactment of the statute and remained consistent over time." *Id.* This principle is particularly compelling here, where an individual who has resided in the United States with the government's acquiescence for years is subjected to an infringement of liberty interests – discussed *infra* – solely due to a regime change seeking to expedite removal of non-criminal noncitizens under discretionary conditions.

46. Furthermore, DHS' and the DOJ's selective reading of the statute – which disregards its "seeking admission" language – violates the rule against surplusage and undermines the plain meaning of the text. *See United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) ("'[E]very clause and word of a statute' should have meaning."), quoting *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883); *United States v. Abbas*, 100 F.4th 267, 283 (1st Cir. 2024) ("'We begin, as always, with the text of the statute' and read it 'according to its plain meaning at the time of enactment,'" quoting *United States v. Winczuk*, 67 F.4th 11, 16 (1st Cir. 2023), cert. denied, 145 S. Ct. 319 (2024)). The statutory phrase "seeking admission" is not explicitly defined but necessarily conveys a present-tense, ongoing action. *See Matter of M-D-C-V-*, 28 I.&N. Dec. 18, 23 (B.I.A. 2020) ("The 'use of the present progressive, like use of the present participle, denotes an ongoing process,'" quoting *Al Otro Lado v. Wolf*, 952 F.3d 999, 1011–12 (9th Cir. 2020)).

47. Therefore, because Mr. Ferreira de Souza's presence in the United States since his inspection and release in April of 2022 – following service of his Notice to Appear – has been under de facto conditional parole pursuant to § 1226, the interpretation applied by Respondents is unlawful. Both the BIA's jurisdictional determination and Mr.

Ferreira de Souza's continued detention, absent a hearing to determine whether he poses a danger to persons or property or is likely to appear for future proceedings, are contrary to the laws of the United States.

## CLAIMS FOR RELIEF

### COUNT ONE

### Violation of Fifth Amendment Right to Due Process

48. Mr. Ferreira de Souza's detention by DHS violates his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. The allegations in the above paragraphs are realleged and incorporated herein. Immigration detention violates due process if it is not reasonably related to the purpose of ensuring a noncitizen's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 690-92, 699-700 (2001); *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). Where removal is not reasonably foreseeable, detention cannot be reasonably related to the purpose of effectuating removal and is unlawful. *See id.* at 699-700.

49. The Supreme Court has also established that noncitizens in deportation or removal proceedings are just as entitled to due process protections as anyone else. *See Zadvydas*, 533 U.S. at 690 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]" any "person . . . of . . . liberty . . . without due process of law.'")

50. In *Jennings v. Rodriguez,* the Supreme Court makes a clear distinction between noncitizens who are detained while entering the country and noncitizens who are already present in the United States. *Jennings v. Rodriguez*, 804 F. 3d 106. The opinion

of the Supreme Court recognizes that **"§ 1226 applies to aliens already present in the United States. . . ." and that "§ 1226(a) authorizes the Attorney General to arrest and detain an alien 'pending a decision on whether the alien is to be removed from the United States.'"** § 1226(a). As long as the detained alien is not covered by § 1226(c), the Attorney General "may release" the alien on "bond . . . or conditional parole." § 1226(a). Furthermore, Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention. *See* 8 CFR §§ 236.1(d)(1), 1236.1(d)(1).

51. This understanding has long been supported by the Supreme Court over the years, indicating that noncitizens have fewer protections in their ***initial entry.***

52. In *Nishimura Ekiu*, the Court clarifies that arriving aliens are only individuals who have never been to the U.S., holding that it applies to **"foreigners who have never been naturalized, nor acquired any domicile or residence within the United States, nor even been admitted into the country pursuant to law**." *See Nishimura Ekiu v. United States,* 142 U.S. 651 (1892) (emphasis added).

53. In *Landon*, the Court held that an alien seeking **initial admission** to the United States requests a privilege and is therefore afforded fewer constitutional rights. *See Landon v. Plasencia,* 459 U.S. 21, 32 (1982) (emphasis added).

54. In *Shaughnessy v. United States ex rel. Mezei,* the Court again ratifies that the different protections are for those "on the threshold of initial entry." *See Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).

55. In *Thuraissigiam*, the Court again reinforces the limited protections for individuals seeking **initial entry to the United States**. *See Department of Homeland Security v. Thuraissigiam,* 591 U.S. 199, 220 (2020) (emphasis added).

56. In *United States v. Flores-Montano,* the Supreme Court reiterated that the power over immigration is "at its zenith at the **international border**." *See United States v. Flores-Montano*, 541 U.S. 149, 152–53 (2004) (emphasis added).

57. Therefore, there is no question that the Supreme Court has long recognized a distinction between those who are arrested at the border trying to enter the country and those arrested while in the country.

58. The ultimate question is whether noncitizens who have resided in the United States for several years are entitled to fundamental due process protections, including a hearing before an independent adjudicator to determine the lawfulness of their detention. As supported in this brief, there are numerous legal arguments to support the conclusion that they are entitled to such rights. Beyond the technical legal analysis, however, it is also a matter of basic fairness and common sense: all individuals, regardless of immigration status, are entitled to fundamental protections of liberty.

> Were it true that "arriving" noncitizens have no due process rights, it would mean that such individuals – including those living freely among us on parole – could "be subjected to the punishment of hard labor without a judicial trial." *Clerveaux*, 397 F. Supp. 3d at 316 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 704 (2001) (Scalia, J., dissenting)). And it would mean that a noncitizen living here on parole could be taken into custody and beaten by local police without any violation of the Fourth Amendment. That cannot be the law.
> *Mata Velasquez v. Kurzdorfer*, No. 25-CV-493, 2025 WL 1953796, at \*16 (W.D.N.Y. July 16, 2025)

59. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533

U.S. at 690. Being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) "[W]hile [DHS] might want to enforce this country's immigration laws efficiently, it cannot do that at the expense of fairness and due process." *Ceesay*, 2025 WL 1284720, at *1. Furthermore, "there is something fundamentally unfair about the government's changing the rules by fiat simply because it wants to. That is arbitrary by definition." *Mata Velasquez v. Kurzdorfer,* No. 1:25-cv-493, 2025 WL 1953796 (W.D.N.Y. July 16, 2025). "Luring noncitizens here, paroling them for a period of time, and then telling them 'never mind' is just plain wrong—made even worse when the noncitizens are detained while their cases are heard. And a change in administration does not justify or excuse such fundamental unfairness." *Id.*

60. A basic principle—that individuals placed at liberty are entitled to due process before the government again imprisons them—has particular relevance here, where Mr. Ferreira de Souza's detention was previously found to be unnecessary to serve any purpose. There is no allegation that Petitioner's detention beyond the execution of the warrant was necessary or authorized, and, therefore, his detention at that time violated his Fourth Amendment rights as well, which are afforded to all those peacefully residing in the United States. Mr. Ferreira de Souza was not detained upon his initial entry through the border, but while living in the United States. He has committed no crime, and his release from custody in 2022 provided him with a protected liberty interest. The government may not unilaterally take away his liberty.

61. By statute and regulation, as interpreted by the BIA, ICE has the authority to re-arrest a noncitizen and revoke their release pending the outcome of removal proceedings only

when there has been a change in circumstances since the individual's initial release. *See Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) ("Thus, absent changed circumstances ... ICE cannot redetain Panosyan."); *Matter of Sugay*, 17 I&N Dec. 647, 640 (B.I.A. 1981). Additionally, any change in circumstances must be "material." *Saravia v. Barr*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). The Due Process Clause also proscribes the Government's authority to arrest a noncitizen and revoke their release because it is well-established that individuals released from incarceration have a liberty interest in their freedom. To protect that interest, due process requires notice and a hearing, before any re-arrest, at which hearing the individual is allowed to advance their arguments as to why their release should not be revoked. This most basic American principle—that individuals placed at liberty are entitled to process before the government reimprisons them—has particular meaning here, where Mr. Ferreira de Souza's detention was already found, in 2022, to be unnecessary.

## COUNT TWO

**Violation of Fourth Amendment Right to Protection from Unreasonable Searches and Seizures by the Government**

62. In *United States v. Brignoni–Ponce*, 422 U.S. 873, 95 S.Ct. 2574 (1975), the Supreme Court sought to determine what standard of proof, if any, an immigration officer must apply to stop and detain individuals to investigate their immigration status. *See* 422 U.S. at 880–82, 95 S.Ct. 2574. The Court stated that, just as in the criminal context, an immigration officer "must have a reasonable suspicion" to justify briefly stopping individuals to question them "about their citizenship and immigration status...but any further detention...*must be based on ... probable cause.*" *Id.* at 881–82, 95 S.Ct.

2574 (emphasis added) (citing *Terry v. Ohio,* 392 U.S. 1, at 29, 88 S.Ct. 1868); *see also id.* at 884 ("[T]he Fourth Amendment ...forbids stopping or detaining persons for questioning about their citizenship on less than a reasonable suspicion that they may be aliens.").

63. The First Circuit has required that immigration officers have reasonable suspicion to briefly stop individuals to question them regarding their immigration status and probable cause for any further arrest and detention. *See, e.g., United States v. Mendez-de Jesus,* 85 F.3d 1, 3 (1st Cir.1996) (recognizing that *Brignoni–Ponce* stands for "the principle that an individual may not be [briefly] detained for questioning about citizenship absent reasonable suspicion that the person is an illegal alien"); *Lopez v. Garriga,* 917 F.2d 63, 69 (1st Cir.1990) (noting that detention to inquire about an individual's immigration status is "a seizure and implicate[s] the [F]ourth [A]mendment" (citing *Immigration & Naturalization Serv. v. Delgado,* 466 U.S. 210, 216–17, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984); *Terry,* 392 U.S. at 21, 88 S.Ct. 1868 )); *Navia–Duran v. Immigration & Naturalization Serv.,* 568 F.2d 803, 809 n. 7 (1st Cir.1977) (recognizing that an immigration arrest and detention needs to be "supported by probable cause or reasonable suspicion").

64. Petitioner's arrest, which led to his subsequent detention, was unlawful and in violation of his rights under the Fourth Amendment to the United States Constitution.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Assume jurisdiction over this matter;

(2)    Issue an Order to Show Cause ordering Respondents to show cause why Petition should

not be granted within three days.

(3)    Declare that Petitioner's detention violates the Due Process Clause of the Fifth

Amendment, as well as the Fourth Amendment.

(4)    Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(5)    Issue a Restraining Order preventing Respondents from moving Petitioner out of

Massachusetts;

(6)    Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on

any other basis justified under law; and

(7)    Grant any further relief this Court deems just and proper.


Respectfully submitted,


*Timothy Caron*
_____
Timothy Caron, Esq.
*Counsel for Petitioner*
Bar No. 704356
Celedon Law PC
277 Main Street, Ste 305
Marlborough, MA 01752
508-573-3170
tim.caron@celedonlaw.com

Dated: September 25, 2025

## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>

I represent Petitioner Rodrigo Ferreira de Souza, and I submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 25th day of September 2025.

*Timothy Caron*
Timothy Caron, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I, Timothy Caron, hereby certify that this document filed through the CM/ECF system will

be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies

will be sent to those indicated as non-registered participants.


Dated: <u>09/25/2025</u>                                    *Timothy Caron*
                                          _____
                                          Timothy Caron, Esq.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Rodrigo Ferreira de Souza

**(b)** County of Residence of First Listed Plaintiff    Middlesex, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Timothy Caron (Celedon Law, 277 Main Street, Suite 305, Marlborough, MA - 508 573 3170) ✚

## DEFENDANTS

Patricia Hyde; Kristi Noem; Pamela Bondi

County of Residence of First Listed Defendant    Middlesex, MA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government    ☐ 3   Federal Question
      Plaintiff               *(U.S. Government Not a Party)*

☒ 2   U.S. Government    ☐ 4   Diversity
      Defendant              *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                         *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |      Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
|     & Enforcement of Judgment |      Slander      Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted |      Liability   ☐ 368 Asbestos Personal | |      New Drug Application | ☐ 470 Racketeer Influenced and |
|     Student Loans | ☐ 340 Marine      Injury Product | | ☐ 840 Trademark |      Corrupt Organizations |
|     (Excludes Veterans) | ☐ 345 Marine Product      Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment |      Liability   **PERSONAL PROPERTY** | **LABOR** |      Act of 2016 |      (15 USC 1681 or 1692) |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending |      Act | **SOCIAL SECURITY** |      Protection Act |
| ☐ 190 Other Contract |      Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage |      Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise |      Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |      Exchange |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| |      Medical Malpractice |      Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☒ 463 Alien Detainee |      Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |      Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | |      or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability |      Accommodations   ☐ 530 General | |      26 USC 7609 |      Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | |      Agency Decision |
| |      Employment   **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | |      State Statutes |
| |      Other   ☐ 550 Civil Rights |      Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |   ☐ 560 Civil Detainee - | | | |
| |      Conditions of | | | |
| |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original    ☐ 2   Removed from    ☐ 3   Remanded from    ☐ 4   Reinstated or    ☐ 5   Transferred from    ☐ 6   Multidistrict    ☐ 8   Multidistrict
      Proceeding         State Court          Appellate Court          Reopened          Another District         Litigation -         Litigation -
                                                              *(specify)*         Transfer          Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2241

Brief description of cause:
Habeas Petition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   9/25/2025       SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____

    _____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
    rule 40.1(a)(1)).

    ___     I.      160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

    ___     II.     110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

    ___     III.    120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
                    365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560,
                    625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
                    *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                           YES  ☐              NO  ☐

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
    §2403)

                                                           YES  ☐      NO  ☐

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                           YES  ☐      NO  ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                           YES  ☐      NO  ☐

7.  Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).

                                                           YES  ☐              NO  ☐

        A.      If yes, in which division do all of the non-governmental parties reside?

                Eastern Division  ☐            Central Division  ☐              Western Division  ☐

        B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
                residing in Massachusetts reside?

                Eastern Division  ☐            Central Division  ☐              Western Division  ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
    submit a separate sheet identifying the motions)

                                                           YES  ☐      NO  ☐

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** _____
**ADDRESS** _____
**TELEPHONE NO.** _____

                                                                        **(CategoryForm11-2020.wpd )**

U.S. Department of Homeland Security

**Warrant for Arrest of Alien**

File No. **A240 632 802**
Event No: **YUS2204002480**

FINS #:1319675152

Date: **April 29, 2022**

**To any officer delegated authority pursuant to Section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

**RODRIGO  FERREIRA DE SOUZA**

_____

(Full name of alien)

an alien who entered the United States at or near _____ **SAN LUIS, ARIZONA** _____ on

(Port)

**April 28, 2022** _____ is within the country in violation of the immigration laws and is

(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

DREW R DESJARDINS
Date: 2022.04.29 16:20:23-07:00
0530818268.CBP

_____

(Signature of Designated Immigration Officer)

**DREW DESJARDINS**

_____

(Print name of Designated Immigration Officer)

**Acting/Patrol Agent in Charge**

_____

(Title)

---

**Certificate of Service**

Served by me at _____ **YUMA, ARIZONA** _____ on ____ **April 29, 2022** ____ at ____ **03:34 PM** ____ .

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

BROOKE C GANIEF
Date: 2022.04.29 16:17:18-07:00
0414809917.CBP.1

_____

**BROOKE GANIEF**

_____

(Signature of officer serving warrant)

**BORDER PATROL AGENT**

_____

(Title of officer serving warrant)

Form I-200 (Rev. 08/01/07) N

## <u>CERTIFICATE OF SERVICE</u>

I, Timothy Caron, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: <u>09/25/2025</u>

*Timothy Caron*
_____
Timothy Caron, Esq.

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID:377220948      FINS #:1319675152
                          DOB: 12/11/1986

File No: A240 632 802
Event No:YUS2204002480

In the Matter of:

Respondent:              RODRIGO  FERREIRA DE SOUZA

currently residing at:

1210 ROBBINS ST  PHILADELPHIA, PENNSYLVANIA, 19111        +1 (267)-709-8532

(Number, street, city, state and ZIP code)                (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of BRAZIL and a citizen of BRAZIL ;
3. You arrived in the United States at or near SAN LUIS, AZ , on or about April 28, 2022 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

900 MARKET ST. SUITE 504, PHILADELPHIA PA 19107

(Complete Address of Immigration Court, including Room Number, if any)

on    May 18, 2023    at    08:30 AM    to show why you should not be removed from the United States based on the
    (Date)              (Time)

charge(s) set forth above.      DREW DESJARDINS

DREW R DESJARDINS
Date: 2022.04.29 16:20:00 -07:00
Acting/Patrol Agent In Charge
0530813268 CBP

(Signature and Title of Issuing Officer) (Sign in ink)

Date: April 29, 2022                    Yuma, Arizona

(City and State)

DHS Form I-862 (2/20)                                          Page 1 of 3

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

BROOKE C GANIEF
Date: 2022.04.29 16:15:10 -07:00
0414809917.CBP.1                    BORDER PATROL AGENT                    _____
_____                                          *(Signature of Respondent) (Sign in ink)*
*(Signature and Title of Immigration Officer) (Sign in ink)*             Date: 04/29/2022

---

## Certificate of Service

This Notice To Appear was served on the respondent by me on    April 29, 2022    , in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person    ☐ by certified mail, returned receipt # _____ requested    ☐ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____PORTUGUESE_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

*R o o R i G o*                          BROOKE C GANIEF
_____          Date: 2022.04.29 16:15:25 -07:00
*(Signature of Respondent if Personally Served) (Sign in ink)*    0414809917.CBP.1
                                         BROOKE GANIEF, BORDER PATROL AGENT
                                         _____
                                         *(Signature and Title of officer) (Sign in ink)*

---

DHS Form I-862 (2/20)                                                     Page 2 of 3

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

## <u>CERTIFICATE OF SERVICE</u>

I, Timothy Caron, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: __09/25/2025__                          *Timothy Caron*
                                                 _____
                                                 Timothy Caron, Esq.

U.S. Department of Homeland Security

# Order of Release on Recognizance

File No: A240 632 802
Date: April 29, 2022
Event No: YUS2204002480

Name: RODRIGO FERREIRA DE SOUZA

You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

☒ You must report for any hearing or interview as directed by the Department of Homeland Security or the Executive Office for Immigration Review.

☒ You must surrender for removal from the United States if so ordered.

☒ You must report in (~~writing~~) (person) to NON DETAINED UNIT DO-267-857-8070

1015 Chestnut ST. Mezzanine Level, Philadelphia, | (Name and Title of Case Officer)
at PA19107 | on 05/30/2022 | at 09:00 AM
(Location of DHS Office) | (Day of each week or month) | (Time)

If you are allowed to report in writing, the report must contain your name, alien registration number, current address, place of employment, and other pertinent information as required by the officer listed above.

☒ You must not change your place of residence without first securing written permission from the immigration officer listed above.

☒ You must not violate any local, State, or Federal laws or ordinances.

☒ You must assist the Department of Homeland Security in obtaining any necessary travel documents.

☒ Other: Employment not authorized

☐ See attached sheet containing other specified conditions   (Continue on separate sheet if required)

**NOTICE: Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security.**

DREW R DESJARDINS
Date: 2022.04.29 16:19:31 -07:00
0530818268.CBP
(Signature of DHS Official)

DREW DESJARDINS
ACTING PATROL AGENT IN CHARGE
(Printed Name and Title of Official)

## Alien's Acknowledgment of Conditions of Release on Recognizance

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ PORTUGUESE _____ language) and understand the conditions of my release as set forth in this order. I further understand that if I do not comply with these conditions, the Department of Homeland Security may revoke my release without further notice.

_____ CPRa | _____ Rodrigo Ferreira de Souza | 4/30/22
(Signature of Immigration Officer Serving Order) | (Signature of Alien) | (Date)

## Cancellation of Order

I hereby cancel this order of release because:  ☐ The alien failed to comply with the conditions of release.
☐ The alien was taken into custody for removal.   _____   _____
(Signature of Immigration Officer Canceling Order)   (Date)

Form I-220A (Rev. 08/01/07) N

## **CERTIFICATE OF SERVICE**

I, Timothy Caron, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: __09/25/2025__

*Timothy Caron*
_____
Timothy Caron, Esq.